IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | | |
|---|---|---|
| CHAD LOUIS FURCH, | § | |
| TDCJ-CID NO. 1552973, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. V-09-016 |
| | § | |
| EDNA POLICE DEPARTMENT, *et al.*, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Chad Louis Furch, a prisoner of the Texas Department of Criminal Justice, Correctional Institutions Division (TDCJ-CID), filed a complaint under 42 U.S.C. § 1983 in the Houston Division of the Southern District of Texas against the Edna Police Department, the Jackson County Police Department, the 24th Judicial District Court of Jackson County, the Manske & Manske Law Firm, and Todd Dupont, claiming that he has been subjected to wrongful arrest, false charges, and illegal confinement. The complaint was transferred to the Victoria Division because of the location of the complained events and the named defendants. *See Furch v. Edna Police Department*, No. H-09–033 (S.D. Tex. Feb. 23, 2009) Docket Entry Nos. 5 and 6. After reviewing the complaint, the court dismisses this action as frivolous.

Furch alleges that, on February 12, 2008, the Edna Police Department arrested him and charged him with assault causing bodily injury and interfering with a 911 call. Docket Entry No. 1 at 4. He further alleges that there was no physical evidence to support the charge, that no 911 call

had been made, and that an affidavit of non-prosecution had been submitted. Furch hired Manske to serve as his lawyer and bondsman. The Edna Police Department arrested Furch again for assault on August 28, 2008, allegedly for no reason. *Id*. Furch claims that Manske dropped his bond and withdrew as his attorney. He also claims that he remained in jail and requested a court appointed attorney. Todd Dupont was appointed to represent him regarding the February 12 cases.

Furch alleges that Dupont has done nothing to help him and that his requests for a court appointed attorney on his August 28 case have been denied. Docket Entry No. 1 at 4; Docket Entry No. 1-2 at 4. He claims that his requests for help from the Jackson County District Attorney's Office, the County Judge, and the District Judges have been ignored. He has filed a complaint with the federal courts seeking charges against the named defendants so that they may be prosecuted in the federal courts. *Id.*

Furch has subsequently notified the Federal District Clerk in Houston that he was convicted and sentenced to 20 twenty years in TDCJ-CID in one case and convicted and sentenced to 15 years in another. *See* No. H-09-033, Docket Entry No. 9, *citing State v. Furch*, No. 08-4-7871; *State v. Furch*, No. 08-4-7987. He has informed this court that he has a criminal appeal in the Court of Appeals for the Thirteenth District of Texas in Corpus Christi, Texas. Docket Entry No. 11. The internet site for the Thirteenth Court of Appeals indicates that Furch has two appeals currently pending there. *Furch v. State*, Nos. 13-09-00077-CR; 13-09-00078-CR (Tex. App. – Corpus Christi, *notice of appeal filed* Feb. 13, 2009).

There are several aspects of Furch's complaint which render it legally baseless. First, the relief that Furch seeks is not available because he does not have the right to have the defendants criminally prosecuted. *Oliver v. Collins*, 914 F.2d 56, 60 (5th Cir. 1990). *citing Oliver v. Collins*,

2

904 F.2d 278, 281 (5th Cir. 1990).  Second, to the extent that Furch might seek damages from the courts, such a claim would be barred because judges enjoy absolute immunity for their actions made in accordance with their duties and responsibilities.  *Brandley v. Keeshan*, 64 F.3d 196, 200 (5th Cir. 1995), *citing Stump v. Sparkman*, 98 S.Ct. 1099, 1106 (1978).  State prosecutors are also entitled to absolute immunity for performing their functions in the courts.  *Esteves v. Brock*, 106 F.3d 674, 677 (5th Cir. 1997), *citing Imbler v. Pachtman*, 96 S.Ct. 984, 995 (1976).  Moreover, Furch's claims against his own defense counsel is not cognizable in this action because private attorneys representing defendants such as Furch are not state actors.  *See Polk County v. Dodson*, 102 S.Ct. 445, 453 (1981).  *See also Hudson v. Hughes*, 98 F.3d 868, 873 (5th Cir.1996)     Third, Furch's claims are actually challenges to state court criminal judgments entered against him and must be pursued in a habeas action.  *Preiser v. Rodriguez*, 93 S.Ct. 1827, 1833 (1973).  *See also Johnson v. McElveen*, 101 F.3d 423, 424 (5th Cir. 1996), *citing*, *Serio v. Members of La. Bd. of Pardons*, 821 F.2d 1112 (5th Cir. 1987).  *See also Boyd v. Biggers*, 31 F.3d 279, 283 n.4. (5th Cir. 1994).  Furch can only file a petition for a writ of habeas corpus in federal court after he has exhausted all available state remedies.  28 U.S.C. § 2254(b); *Whitehead v. Johnson*, 157 F.3d 384, 387 (5th Cir. 1998).  Exhaustion requires that the federal claims have been fairly presented to the highest court of the state either in a petition for discretionary review or an application for writ of habeas corpus.  *Myers v. Collins*, 919 F.2d 1074, 1076 (5th Cir. 1990).  In Texas, the Texas Court of Criminal Appeals is the court of final review regarding criminal matters.  TEX. CODE CRIM. PROC. ANN., art. 4.04 § 2 (Vernon 2005).  The fact that Furch's criminal convictions are still on appeal shows that he has not properly brought the claims before the Court of Criminal Appeals.  *See Deters v. Collins*, 985 F.2d 789, 792-794 (5th Cir. 1993); *Bryant v. Bailey*, 464 F.2d 560, 561 (5th Cir. 1972). Therefore, this case cannot be considered in federal court at this time.

Furch has filed this action as a pauper under 28 U.S.C. § 1915.  Such actions may be dismissed if they are frivolous.  This prisoner action should be dismissed as frivolous because it lacks an arguable basis in law.  28 U.S.C. § 1915(e)(2); *Talib v. Gilley*, 138 F.3d 211, 213 (5th Cir. 1998).

It is, therefore, **ORDERED** as follows:

1. This cause of action, filed by Inmate Chad Louis Furch, Jr., TDCJ-CID No. 1552973, is **DISMISSED** because it is frivolous.  28 U.S.C. § 1915(e)(2).

2. Furch's Application to Proceed *In Forma Pauperis* (Docket Entry 2) is **GRANTED**.

3. The TDCJ-CID Inmate Trust Fund shall deduct 20 percent of each deposit made to Furch's account and forward the funds to the Clerk on a regular basis, in compliance with the provisions of 28 U.S.C. § 1915(b)(2), until the entire fee has been paid. .

4. The Clerk is directed to provide a copy of this Order of Dismissal to the parties; the TDCJ - Office of the General Counsel, P.O. Box 13084, Austin, Texas, 78711, Fax Number (512) 936-2159; the TDCJ-ID Inmate Trust Fund, P.O. Box 629, Huntsville, Texas 77342-0629, Fax Number (936) 437-4793; and the Pro Se Clerk for the Eastern District of Texas, Tyler Division, 2ll West Ferguson, Tyler, Texas  75702.

**SIGNED** on this 21st day of December, 2009.

_____
JOHN D. RAINEY
UNITED STATES DISTRICT JUDGE